## In re ELECTRONIC DATA SYSTEMS CORP. SECURITIES & "ERISA" LITIGATION

### No. 1512.

Judicial Panel on Multidistrict Litigation.

March 7, 2003.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, BRUCE M. SELYA, JULIA SMITH GIBBONS, D. LOWELL JENSEN, J. FREDERICK MOTZ and ROBERT L. MILLER, JR., Judges of the Panel.

### TRANSFER ORDER

WM. TERRELL HODGES, Chairman.

This litigation currently consists of the 21 actions in the Eastern District of Texas and five actions in the Southern District of New York as listed on the attached Schedule A. Before the Panel is an amended motion, pursuant to 28 U.S.C. § 1407, brought by defendant Electronic Data Systems Corp. (EDS) and certain of its present and former directors or officers also named as defendants[1] for coordinated or consolidated pretrial proceedings of the 26 actions in the Eastern District of Texas.[2]

---

1. The present and former officer defendants are Richard H. Brown, Paul J. Chiapparone, James E. Daley, Jeffrey M. Heller, John A. Adams, and Michael Milton. The remaining individual defendants—James A. Baker, III; Roger A. Enrico; William H. Gray, III; Ray J. Groves; Ray L. Hunt; C. Robert Kidder; and Judith Rodin—are outside directors of EDS.

2. In addition to the actions presently before the Panel, EDS has identified four related

Nearly all respondents support Section 1407 centralization in the Eastern District of Texas; however, several respondents as well as the moving defendants specifically request transfer to one of two divisions within the Eastern District of Texas.

■ On the basis of the papers filed and hearing session held, the Panel finds that these 26 actions involve common questions of fact, and that centralization under Section 1407 in the Eastern District of Texas will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.[3] All actions share factual questions arising out of alleged misrepresentations or omissions concerning the financial condition of EDS. Whether the actions be brought by securities holders seeking relief under the federal securities laws or participants in retirement savings plans suing for violations of the Employee Retirement Income Security Act of 1974 (ERISA), all actions can be expected to focus on a significant number of common events, defendants, and witnesses. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

Plaintiffs in three Eastern District of Texas actions brought under ERISA do not object to centralization in the Eastern District of Texas, but oppose any consolidation of their actions with the actions

brought under the federal securities laws. The governing statute, however, contemplates transfer for "coordinated or consolidated proceedings." 28 U.S.C. § 1407(a). We leave the degree of any coordination or consolidation to the discretion of the transferee judge. Thus, any concerns of the objecting ERISA plaintiffs that Section 1407 centralization will somehow retard the pace at which their claims are prosecuted should be addressed to the transferee judge, who remains free to establish separate tracks for discovery and motion practice in any constituent MDL–1512 action or actions, whenever he concludes that such an approach is appropriate.

■ The Eastern District of Texas stands out as an appropriate transferee forum for this litigation. We note that i) no party has opposed transfer to this district; ii) the vast majority of the constituent actions are pending there; and iii) the corporate defendant has its headquarters within the district, so pertinent documents and witnesses should be available there.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the attached Schedule A and pending outside the Eastern District of Texas are transferred to the Eastern District of Texas and, with the consent of that court, assigned to the Honorable Leonard E. Davis for coordinated or consolidated pretrial proceedings with the actions listed on Schedule A and pending in that district.

actions pending in the Eastern District of Texas. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

3. A proposed lead plaintiff in the securities fraud class actions before the Panel agrees that these actions should be prosecuted in the Eastern District of Texas, but asks the Panel

to dismiss the motion for transfer under Section 1407 as moot, on the grounds that all parties agree that these actions should proceed in the Eastern District of Texas. We find, however, that there are "civil actions involving one or more common questions of fact ... pending in different districts" as described in the statute, such that the motion before us is not moot. 28 U.S.C. § 1407(a).

**1377**

MDL–1512—In re Electronic Data Systems Corp. Securities & "ERISA" Litigation

Southern District of New York

Jennifer J. Fadem v. Electronic Data Systems Corp., et al., C.A. No. 1:02–7738

Henry Spitzer v. Electronic Data Systems Corp., et al., C.A. No. 1:02–7852

Samuel Zaks v. Electronic Data Systems Corp., et al., C.A. No. 1:02–7970

Vladimir Spira, M.D. v. Electronic Data Systems Corp., et al., C.A. No. 1:02–7997

Stephen A. Goldberg v. Electronic Data Systems Corp., et al., C.A. No. 1:02–8332

Eastern District of Texas

Barry Family, LP v. Electronic Data Systems Corp., et al., C.A. No. 4:02–300

John Braun, et al. v. Electronic Data Systems Corp., et al., C.A. No. 4:02–304

Stephen M. Harnik, etc. v. Electronic Data Systems Corp., et al., C.A. No. 4:02–308

Bridgewater Partners v. Electronic Data Systems Corp., et al., C.A. No. 4:02–310

Glen W. Vanderwarter v. Electronic Data Systems Corp., et al., C.A. No. 4:02–314

Lief Thorne–Thomsen v. Electronic Data Systems Corp., et al., C.A. No. 4:02–321

John J. Britt, Jr. v. Electronic Data Systems Corp., et al., C.A. No. 4:02–322

Stanley Sved v. Electronic Data Systems Corp., et al., C.A. No. 4:02–323

Haddon Zia v. Electronic Data Systems Corp., et al., C.A. No. 4:02–329

William J. Kluemper v. Electronic Data Systems Corp., et al., C.A. No. 4:02–331

John McLoughlin v. Electronic Data Systems Corp., et al., C.A. No. 4:02–335

Stanton Discount Pharmacy, Inc. v. Electronic Data Systems Corp., et al., C.A. No. 4:02–336

Richard Langbecker v. Electronic Data Systems Corp., et al., C.A. No. 4:02–346

Douglas B. Vanderlip v. Electronic Data Systems Corp., et al., C.A. No. 4:02–356

Jennifer Chana Fink v. Electronic Data Systems Corp., et al., C.A. No. 4:02–365

Jeffrey Smith v. Electronic Data Systems Corp., et al., C.A. No. 4:02–368

Larry Florer v. Electronic Data Systems Corp., et al., C.A. No. 4:02–371

Michael Feder v. Electronic Data Systems Corp., et al., C.A. No. 5:02–207

Mayer Horwitz, et al. v. Electronic Data Systems Corp., et al., C.A. No. 5:02–232

Gregory R. Miller v. Electronic Data Systems Corp., et al., C.A. No. 5:02–233

Craig Thompson v. Electronic Data Systems Corp., et al., C.A. No. 5:02–248